IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JONNA B. GUTHRIE                                                                                    PLAINTIFF

v.                                       Civil No. 11-2179

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                      DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Jonna Guthrie, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed her applications for DIB and SSI on May 20, 2009, alleging an onset date of September 15, 2008, due to a protruding disk in her back with sciatic nerve involvement, right knee problems, depression, anemia, and thyroid problems. Tr. 107-116, 133. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 59-61, 62-64, 67-70, 71-72. An administrative hearing was held on June 4, 2009. Tr. 23-52. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 38 years old and possessed a ninth grade education. Tr. 107, 129, 160. She had past relevant work "(PRW)" experience as a head cashier and unloader. Tr. 32-34, 45-47, 137.

On October 26, 2010, the ALJ found Plaintiff's disorder of the back and back pain to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 13-14. After partially discrediting plaintiff's subjective complaints, the ALJ

determined that Plaintiff retained the residual functional capacity ("RFC") to perform light, unskilled work involving only occasional climbing, stooping, kneeling, crouching, and crawling; no balancing or climbing of ladders, ropes, or scaffolds; no work near unprotected heights or around dangerous machinery; and, only simple, routine, repetitive type work. With the assistance of a vocational expert, the ALJ found plaintiff could perform work as a cashier II, house cleaner, and counter attendant. Tr. 17-18.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on August 24, 2011. Tr. 1-5. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 10, 11.

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.     Discussion:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on

3

AO72A
(Rev. 8/82)

all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence). The ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982).

In the present case, we note that the majority of the medical evidence presented relates to the time period prior to the relevant time period. The evidence indicates that Plaintiff sustained a work related back injury in 2003. MRI results ultimately indicated that she was suffering from a bulged disc that abutted the nerve root. Tr. 234, 270. Plaintiff was diagnosed with sciatica and prescribed a variety of treatment options to include the application of heat and cold, anti-inflammatories, physical therapy, and epidural steroid injections ("ESI's"). Physical exams were inconsistent, sometimes indicating a negative straight leg raise test with no range of motion limitations or tenderness and other times revealing a positive straight leg raise with range of motion limitations and tenderness. Tr. 192-196, 218, 219, 229-230, 234-235, 236, 238, 239, 273-277. Further, records do indicate that Plaintiff returned to work, alleging that she became disabled on September 15, 2008.

Throughout the record, Plaintiff's treating doctors have limited her to no pushing or pulling over 50 pounds, no lifting over 25 pounds, no lifting and twisting at the same time, limited repetitive back motions, and work allowing her to alternate between sitting and standing at will. Tr. 212, 217, 218- 219, 220-221, 223-225, 227, 229-230, 231-233, 234-236, 238-239, 240-242, 244-246, 249-250, 260-261, 265,

269, 271, 273-277. In addition, the record contains two RFC assessments, two consultative physical exams, and the testimony of a consultative medical expert. Tr. 27-31, 192-196,197-204, 273-277.

On July 28, 2009, Plaintiff was examined by Dr. Michael Westbrook. Tr. 192-196. Following an examination revealing a full range of motion in Plaintiff's spine, no neurological deficits, and normal limb function, the doctor diagnosed Plaintiff with back and leg pain, right knee pain, uncomplicated depression, and a history of anemia. He did not, however, complete the section identifying the limitations imposed by Plaintiff's impairments. Therefore, no conclusions can be drawn regarding Plaintiff's RFC. Tr. 192-196.

On July 29, 2009, Dr. Ronald Crow, a non-examining, consultative physician, reviewed Plaintiff's medical records and completed an RFC assessment. Tr. 197-204. He concluded that Plaintiff could lift 10 pounds frequently, 20 pounds occasionally, and sit, stand, and walk for 6 hour per 8-hour workday. Tr. 197-204.

On June 9, 2010, Dr. Danny Silver examined Plaintiff and completed a medical source statement. Tr. 273-277. He diagnosed Plaintiff with an L5-S1 disk bulge with sciatica, intractable pain, depression, asthma, and seasonal allergies. Dr. Silver concluded Plaintiff could sit for a total of 3 hours per day, stand for a total of 5 hours per day, and walk for a total of 3 hours per day. He also indicated that Plaintiff could occasionally lift and carry 11-20 pounds, but never lift and carry more than 20 pounds. Dr. Silver's evaluation also revealed the inability to bend, squat, crawl, stoop, crouch, kneel, be exposed to unprotected heights and the ability to only occasionally climb, be around moving machinery, drive automotive equipment, and be exposed to dust, fumes, and gases. He identified x-rays, muscle spasms, and a positive straight leg raise as objective signs supporting Plaintiff's pain and his findings. Further, Dr. Silver reported that Plaintiff's pain would be severe enough to preclude the activity precipitating the pain, would require Plaintiff to elevate her feet periodically during the day, and would require Plaintiff to have a sit/stand/walk option at work. Tr. 273-277.

At the hearing, Dr. James Armstrong provided medical expert testimony. Tr. 27-30. After reviewing Plaintiff's medical records, the ALJ asked him to ignore Dr. Silver's examination and assessment and to draw his own conclusion regarding the evidence. Dr. Armstrong testified that Plaintiff's impairment did not meet a listing, and opined that Plaintiff would be able to perform light work with back restrictions. Tr. 28. However, when asked if he disagreed with Dr. Silver's assessment, he stated that he could not disagree, as Dr. Silver had actually examined Plaintiff. Further, he noted that the MRI results and physical exams supported Dr. Silver's opinion. Taking the entire record into account, including Dr. Silver's opinion, Dr. Armstrong indicated that he would reduce Plaintiff's RFC to that identified by Dr. Silver. Tr. 30. He also agreed that a sit/stand option would be supported by the evidence. Tr. 30.

On March 31, 2011, Plaintiff was treated by Dr. Kelli Rippy. Tr. 278-279. Plaintiff reported lower back pain for the previous 7-8 years. She had recently undergone x-rays at a chiropractor's office, but the pain increased following a chiropractic adjustment. The pain resulted in difficulty sleeping at night, some numbness in the left foot and leg, and some give away in the leg resulting in falls. Plaintiff also reported a history of asthma with difficulty during allergy season, a history of anemia, and borderline hypothyroidism. Dr. Rippy ordered lab tests, an abdominal ultrasound, and an MRI of her lumbar spine. After diagnosing Plaintiff with right upper quadrant abdominal pain, asthma, depression with anxiety, and anemia, she prescribed Mobic, Neurontin, Tramadol, Albuterol, and Celexa. Tr. 278-279.

On June 15, 2011, notes from Dr. Rippy indicate that Plaintiff had to discontinue the Tramadol due to side effects. Tr. 282-283. Her MRI revealed a herniated disk pressing on the nerve root. Plaintiff was unable to afford neurosurgery or physical therapy. And, she continued to experience fatigue, frequent headaches, persistent back pain, and difficulty sleeping. Her legs reportedly jerked and felt "dead." Plaintiff also indicated that she had been on Zoloft for approximately one month, complaining

6

of feeling "emotional" and stating that she was easily upset. Dr. Rippy diagnosed Plaintiff with anemia, arthritis, and iron deficiency. She ordered additional lab tests to rule out rheumatoid arthritis and other rheumatological impairments. Dr. Rippy also prescribed Cymbalta and an iron supplement. Tr. 282-283.

After reviewing the record, we believe that remand is necessary to allow the ALJ to re-evaluate Plaintiff's RFC. A question remains regarding Plaintiff's need for a sit/stand at will option and her ability to climb, stoop, kneel, crouch, and crawl on a consistent basis. It appears from the record that the medical expert, Dr. Armstrong deferred to Dr. Silver's assessment. And, medical evidence submitted by Plaintiff to the Appeals Council reveals that her herniated disk is now pressing on the nerve root. *See Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992) (our role is limited to deciding whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made); *see also Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992). As such, we do not find that the ALJ's RFC assessment is supported by substantial evidence. On remand, it is recommended that Dr. Westbrook or Dr. Silver be asked to re-examine Plaintiff and review her updated medical records to provide a current assessment of her limitations.

## IV.  Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of August 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)